458 P.2d 592

**HOME FIRE & MARINE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,**

v.

**Annie Laura Morris SCHULTZ, Defendant-Appellant.**

**No. 8787.**

Supreme Court of New Mexico.

Sept. 8, 1969.

**518**

McAtee, Marchiondo & Michael, Charles G. Berry, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Duane C. Gilkey, Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

This controversy arose when Glenn Arthur Burch allegedly negligently injured Annie Schultz in an automobile accident. Burch at the time of the accident was insured by the Home Fire & Marine Insurance Company under its automobile liability policy. Annie Schultz filed suit against Burch for damages arising out of the accident. Burch was served with process. The insurance company was supplied with a copy of the summons and complaint. Burch, after having given a statement of the accident to the insurance company, voluntarily absented himself and failed to answer correspondence from the insurance company. The record shows that the insurance company made diligent efforts to secure his testimony for the trial of the tort action by Schultz, but was never able to locate him.

Subsequently the insurance company brought this suit for declaratory judgment against both Burch and Schultz to establish that Burch had breached the cooperation clause of the policy in failing to appear, assist and cooperate with the insurer in the defense of the action filed against Burch. But Burch was never served with process.

The court made the following findings:

"14. That Glenn Arthur Burch is the only witness available to testify to his side of the case or to render an explanation on his behalf as to why and how the accident occurred.

"15. That the testimony of Glenn Arthur Burch is material and necessary to a reasonable defense of the case filed against him by Annie Laura Morris Schultz.

"16. That the voluntary absence and disappearance of Glenn Arthur Burch has and will substantially and seriously handicap and prejudice plaintiff in the defense of the action filed against Glenn Arthur Burch by Annie Laura Morris Schultz."

The court then concluded that the plaintiff's obligation to defend or to satisfy any judgment in the case brought by Annie Schultz was thus terminated.

Judgment was entered accordingly, and the defendant has appealed.

Appellant asserts the appellee's insured is an indispensable party. See § 21-1-1(19) (b), N.M.S.A.1953. We agree. An indispensable party is one whose interests will necessarily be affected by a judgment in a particular case. State v. Scarborough, 78 N.M. 132, 429 P.2d 330. Here the judgment would relieve the insurance company of its contract obligations to defend and to pay any judgment rendered against Burch. It is true that Burch would not be bound by the judgment, because it

was not before the court. Still, the judgment would deprive Burch of his right to be defended in the personal injury action. Further, the judgment relieving the insurance company of the duty to pay a judgment that might be rendered against Burch, exposes Burch to the consequences of a judgment in the personal injury action even though the insurance company had contracted to indemnify him in such a situation. Burch's interests are necessarily affected by the judgment in this case; he is an indispensable party. State v. Scarborough, supra; Miller v. Klasner, 19 N.M. 21, 140 P. 1107; Travelers Indemnity Co. v. Standard Accident Insurance Co., 329 F.2d 329 (7th Cir. 1964). See Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045; Auto Mutual Indemnity Co. v. Dupont, 21 F.Supp. 606 (D.Del.1937).

The appellee relies on Provident Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, in support of its position. That case is not controlling here for obvious reasons. It is distinguishable on the facts; that case is an application of the amended Rule 19 of the Federal Rules of Civil Procedure. However, we do not rely on the amendment to Rule 19, not adopted by us, as a basis for distinguishing the case. See Note 12, 390 U.S. at 116, 88 S.Ct. at 741, 19 L.Ed.2d at 949. Neither do we find any departure from the rule announced in Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158, although possibly some relaxing of rigid application of rules of indispensability which in certain instances have followed that case (see Reed, Compulsive Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327, 355) may be indicated. Even adopting the approach of Provident Bank & Trust Co. v. Patterson, supra, the result would be the same. Under the amended Rule 19 the court must consider the extent to which the judgment may as a practical matter impair or impede the absent party's ability to protect his interest in the subject matter. As previously noted the judgment here relieved the insurance company from the obligation of defending Burch in the negligence action filed by Schultz and from paying any judgment rendered against him.

 The insurance company also argues that because Burch has disappeared that it faces an unsolvable dilemma. The "dilemma" as to whether to defend the personal injury litigation against Burch is no different than any person faces in connection with breach of contract; it may perform by defending, or it may refuse to defend and take its chances on a possible suit by Burch for its failure to do so. As to whether it has a duty to pay any judgment that is rendered against Burch, it is not foreclosed from litigating that matter when called upon to pay such a judgment. Burch's absence at that point would not prevent it from doing so. Wilhide v. Keystone Insurance Co., 195 F.Supp. 659 (M.D.Pa. 1961).

Other points are urged for a reversal of the judgment but the conclusion reached renders a discussion of these points unnecessary.

The judgment should be reversed and remanded with directions to dismiss for failure to join an indispensable party.

It is so ordered.

MOISE, J., and WOOD, J., Ct.App., concur.