ESTATE OF HEINTZELMAN, APPELLEE, ET AL., *v*. AIR EXPERTS, INC.;

AMERICAN FAMILY INSURANCE COMPANY, APPELLANT.

[Cite as *Estate of Heintzelman v. Air Experts, Inc.*,

126 Ohio St.3d 138, 2010-Ohio-3264.]

*R.C. 3929.06 — Postjudgment supplemental complaint brought by successful plaintiff against tortfeasor's insurer — Previous declaratory judgment obtained by insurer declaring that insurer has no duty to indemnify insured is binding on plaintiff only if declaratory judgment action was initiated by insured or if plaintiff participated in declaratory judgment action.*

(No. 2008-2173 — Submitted September 2, 2009 — Decided July 15, 2010.)

APPEAL from the Court of Appeals for Delaware County, No. 07CAE090045,

2008-Ohio-4883.

_____

**PFEIFER, J.**

**{¶ 1}** In this case, we are asked to determine whether a declaratory judgment obtained in an action initiated by an insurer, holding that the insurer has no duty to indemnify its insured for injuries caused to a third party, is binding upon that third party in a separate action brought against the insurer pursuant to R.C. 3929.06. We hold that the declaratory judgment between the insured and insurer is binding upon the plaintiff in an R.C. 3929.06 action only if the declaratory judgment action was initiated by the insured or if the plaintiff participated in the declaratory judgment action.

**Factual and Procedural Background**

**{¶ 2}** According to the complaint, Jeffrey and Margaret Heintzelman hired Martel Heating & Cooling ("Martel") to install an attic air conditioner in

their home in August 1999. The air conditioner malfunctioned; Martel returned to the home several times to attempt to address problems, but was unsuccessful in resolving them. In 2001, having learned that Martel was no longer in business, the Heintzelmans hired Air Experts, Inc., to repair the air conditioner, but the problems continued. On July 15, 2002, Jeffrey entered the attic to assess the damage caused by water leaking from the air conditioner. He was electrocuted when he came into contact with an unprotected electrical outlet Martel had installed.

{¶ 3} Litigation ensued. On December 10, 2002, Jeffrey's estate and Margaret Heintzelman (collectively, "the Heintzelmans") filed a complaint against Martel and Air Experts, alleging wrongful death and negligent infliction of emotional distress. When the air conditioner was originally installed, Thomas Martel, d.b.a. Martel Heating & Cooling, was a named insured under a commercial insurance policy issued by appellant, American Family Insurance Company ("American Family"). American Family retained counsel to defend Martel in the Heintzelman case.

{¶ 4} On December 4, 2003, while the Heintzelman case was pending, American Family filed a separate declaratory judgment action against Martel, seeking a declaration that it had no duty to provide coverage for Martel for any award in the Heintzelman case. The declaratory judgment action was not assigned to the same judge hearing the Heintzelman case.

{¶ 5} Martel never filed an answer in the declaratory judgment suit, because, Thomas Martel claims, American Family advised against it. American Family did not join the Heintzelmans as parties, nor did the Heintzelmans seek to intervene. Indeed, the Heintzelmans claim that they were unaware that the American Family suit had even been filed until well after it was resolved. American Family obtained a default judgment against Martel on March 10, 2004.

2

According to Thomas Martel, American Family told him that the default judgment would have no effect on him.

{¶ 6} The Heintzelmans' case proceeded to trial, and on March 7, 2005, the jury returned a verdict against Martel and in favor of the estate on its wrongful-death claim for $1,014,186 and in favor of Margaret Heintzelman for $2,650,000 on her emotional-distress claim. The award to Margaret was eventually overturned on a separate appeal; the award to the estate was sustained. *Estate of Heintzelman v. Air Experts, Inc.,* Delaware App. No. 2005-CAPE-08-0054, 2006-Ohio-4832.

{¶ 7} On May 10, 2005, pursuant to R.C. 3929.06, which allows successful plaintiffs to file postjudgment suits against a tortfeasor's insurer, the Heintzelmans filed a supplemental complaint against American Family, alleging that Martel's policy provided coverage for their injuries. On October 6, 2005, American Family filed a motion for summary judgment, arguing that the Heintzelmans were bound by the default judgment rendered in the declaratory judgment action between American Family and Martel. On August 6, 2007, the trial court granted American Family's summary judgment motion, holding that pursuant to R.C. 3929.06, the Heintzelmans were bound by the declaratory judgment even though they were not parties to the action.

{¶ 8} The Heintzelmans appealed. On September 24, 2008, the Delaware County Court of Appeals reversed the judgment of the trial court. *Estate of Heintzelman v. Air Experts, Inc.,* App. No. 07CAE090045, 2008-Ohio-4883. It held that under R.C. 2721.12(B), 2721.02(C), and 3929.06(C)(2), a declaratory judgment relating to insurance coverage is binding upon an insured's judgment creditor only if the insured initiated the declaratory judgment action. Since American Family initiated the declaratory judgment action, the court held that the judgment was not binding on the Heintzelmans.

**{¶ 9}** American Family appealed. The cause is before this court upon the acceptance of a discretionary appeal.

## Law and Analysis

**{¶ 10}** Together, R.C. 2721.02, 2721.12, and 3929.06 establish the rules for insurance-coverage declaratory judgment actions involving injured parties, tortfeasors, and tortfeasors' insurers. Those statutes set forth who may bring an action, when it may be brought, and what effect prior judgments between a tortfeasor and his or her insurer have on plaintiffs.

*R.C. 3929.06*

**{¶ 11}** The Heintzelmans filed their supplemental complaint pursuant to R.C. 3929.06, which allows plaintiffs who are awarded damages at trial to file a posttrial, supplemental complaint against the judgment debtor's insurer to recover damages covered under the judgment debtor's insurance policy. R.C. 3929.06(A)(1) establishes that the plaintiff "is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment." Pursuant to R.C. 3929.06(A)(2), if the judgment debtor's insurer has not paid the judgment creditor within 30 days of the entry of final judgment, "the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount." R.C. 3929.06(C)(1) allows the insurer to assert against the judgment creditor any coverage defenses it could assert in a declaratory judgment action between the insured and the insurer. Thus, if there is no coverage under the terms of the policy for the judgment debtor's liability, the insurer can raise those defenses against the judgment creditor.

**{¶ 12}** This case specifically involves R.C. 3929.06(C)(2), which addresses the effect of a declaratory judgment on a supplemental complaint filed

pursuant to R.C. 3929.06(A)(2). R.C. 3929.06(C)(2) states that if prior to the judgment creditor's filing of a supplemental complaint, the insured commences a declaratory judgment action to determine whether the policy covers the injuries suffered by the judgment creditor and caused by the insured, the final judgment as to the coverage issue is binding upon the judgment creditor. The statute reads:

**{¶ 13}** "If, prior to the judgment creditor's commencement of the civil action against the insurer in accordance with divisions (A)(2) and (B) of this section, *the holder of the policy* commences a declaratory judgment action or proceeding under Chapter 2721 of the Revised Code against the insurer for a determination as to whether the policy's coverage provisions extend to the injury, death, or loss to person or property underlying the judgment creditor's judgment, and if the court involved in that action or proceeding enters a final judgment with respect to the policy's coverage or noncoverage of that injury, death, or loss, that final judgment shall be deemed to have binding legal effect upon the judgment creditor for purposes of the judgment creditor's civil action against the insurer under divisions (A)(2) and (B) of this section. This division shall apply notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel." (Emphasis added.)

**{¶ 14}** American Family argues that the default judgment it won in the declaratory judgment action it filed against Martel should be binding against the Heintzelmans. However, R.C. 3929.06(C)(2) unequivocally states that the declaratory judgment is binding on a judgment creditor when the judgment derives from an action that "the holder of the policy commences * * * against the insurer." The statute notably does not refer to an action "between" the insured and insurer; instead, it refers only to an action *commenced by the holder of the policy* against the insurer.

**{¶ 15}** Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous. *Sherwin-Williams Co. v. Dayton Freight Lines,*

5

*Inc.*, 112 Ohio St.3d 52, 2006-Ohio-6498, 858 N.E.2d 324, ¶ 15. " '[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.' " Id. at ¶ 14, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14.

{¶ 16} R.C. 3929.06(C)(2) unambiguously limits the binding effect of a declaratory judgment action between an insured and an insurer to those instances in which the declaratory judgment action was filed by the policyholder. To expand that binding effect to judgments from actions initiated by insurers would require us to add language to R.C. 3929.06(C). That we cannot do.

{¶ 17} Since R.C. 3929.06 is unambiguous, "we need not interpret it; we must simply apply it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13. Applying the statute to this case, we find that the declaratory judgment granted in American Family's action against its insured, Martel, has no preclusive effect on the Heintzelmans.

*R.C. Chapter 2721*

{¶ 18} An analysis under R.C. Chapter 2721, which establishes Ohio's declaratory judgment scheme, yields the same result. R.C. 2721.02(B) and (C) reiterate much of what is contained in R.C. 3929.06. Pursuant to R.C. 2721.02(B), a plaintiff may not file a declaratory judgment action against a tortfeasor's insurer until there is a final judgment in the separate action establishing the tortfeasor's liability. The first paragraph of R.C. 2721.02(C) virtually mirrors R.C. 3929.06(C)(1), establishing that when a judgment creditor files a declaratory judgment action against a judgment debtor's insurer, "the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in an action or proceeding under this chapter between the

holder and the insurer." That is, exclusions under the policy between the insurer and insured would also apply against a judgment creditor.

{¶ 19} The second paragraph of R.C. 2721.02(C) echoes R.C. 3929.06(C)(2), stating that if the "holder of the policy" commences a declaratory judgment action before the judgment creditor, "a final judgment with respect to the policy's coverage or noncoverage of [the] injury, death, or loss * * * shall be deemed to also have binding legal effect upon the judgment creditor for purposes of the judgment creditor's action or proceeding for declaratory relief against the insurer." Again, as in R.C. 3929.06(C)(2), the judgment is binding only if the policyholder brings the suit.

{¶ 20} R.C. 2721.12(A) discusses necessary parties in declaratory judgment actions. It states that every person who has or claims to have an interest affected by the declaratory judgment action must be made a party to the declaratory judgment action and that "a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." Under that language, a plaintiff with a claim against an insured would seem to be a necessary party in a declaratory judgment action in which the insurer denies coverage. However, R.C. 2721.12(B) excepts certain judgment creditors from the purview of R.C. 2721.12(A).

{¶ 21} Pursuant to R.C. 2721.12(B), a declaratory judgment in an action between an insurer and an insured will have "the binding legal effect described in division (C)(2) of section 3929.06 of the Revised Code." As we have already concluded, that "binding legal effect" applies to declaratory judgments brought by a policyholder, not by an insurer.

{¶ 22} R.C. 2721.12(B) also excepts from the protection of R.C. 2721.12(A) assignees seeking rights under an insured's policy. There is a notable difference between R.C. 2721.12(B)'s treatment of assignees and its treatment of judgment creditors. In removing assignees seeking rights under an insured's

policy from the protection of division (A), R.C. 2721.12(B) does not refer to R.C. 3929.06(C). Instead, R.C. 2721.12(B) states that the judgment resulting from an action between an insurer and insured has a "binding legal effect upon any person who seeks coverage as an assignee of the insured's rights under the policy in relation to the injury, death, or loss involved. This division applies whether or not an assignee is made a party to the action or proceeding for declaratory relief and notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

{¶ 23} For assignees, the judgment in a case between an insured and insurer is binding regardless of whether the action was filed by an insured or an insurer. For a judgment creditor, however, the judgment is binding only if it comports with R.C. 3929.06(C). That is, the judgment would be binding if the policyholder brought the claim.

{¶ 24} Of course, pursuant to R.C. 2721.12(A), if the judgment creditor had been made a party to the action between the insurer and insured, that action would be binding on the judgment creditor. Although R.C. 3929.06 and 2721.02 prevent a plaintiff from filing a claim against a defendant's insurer until after the plaintiff successfully prosecutes its claim against the defendant, there is no such restriction on insurers joining potential judgment creditors.

{¶ 25} Since American Family initiated the declaratory judgment action and did not include the Heintzelmans as parties, neither R.C. 2721.02 nor 2721.12 precludes the Heintzelmans from filing their supplemental complaint in this case.

## Conclusion

{¶ 26} Pursuant to the statutory scheme set forth in R.C. 3929.06, 2721.02, and 2721.12, a declaratory judgment action between an insured and insurer seeking a declaration on the applicability of coverage for injuries to a plaintiff caused by the insured is binding upon that plaintiff only if the declaratory judgment action is initiated by the insured or if the plaintiff is joined as a party in

the declaratory judgment action. Here, American Family did not join the Heintzelmans as parties in its declaratory judgment action. Therefore, that judgment is not binding upon the Heintzelmans. Pursuant to R.C. 2721.02(C) and 3929.06(C)(1), American Family may still assert against the Heintzelmans any coverage defenses that arise from the terms of Martel's policy.

{¶ 27} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Cooper & Elliott, L.L.C., Charles Cooper Jr., and Rex H. Elliott, for appellee.

Curry, Roby & Mulvey Co., L.L.C., and Bruce A. Curry, for appellant.

Freund, Freeze & Arnold and Shawn M. Blatt, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Law Offices of Daniel R. Mordarski, L.L.C., and Daniel R. Mordarski, urging affirmance for amicus curiae Thomas Martel.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association of Justice.

_____