**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-004**

**Filing Date: November 23, 2010**

**Docket No.  29,280**

**MONTY GALLEGOS,**

   **Plaintiff-Appellant,**

**v.**

**NEVADA GENERAL INSURANCE COMPANY,**

   **Defendant/Cross-Claimant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine E. Rivera, District Judge**

Law Offices of Geoffrey R. Romero
Geoffrey R. Romero
Albuquerque, NM

Garcia & Vargas, LLC
Ray M. Vargas, II
Santa Fe, NM

for Appellant

Rugge, Rosales & Associates, P.C.
Dale R. Rugge
James Douglas Green
Albuquerque, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     This case requires us to consider the extent to which an assertedly injured third- party claimant may participate in a declaratory judgment action brought by an automobile

insurance company against its insured seeking to deny coverage under its policy. We conclude that third-party claimants are necessary parties to such declaratory judgment actions. The district court having ruled otherwise, we reverse.

## I.     BACKGROUND

**{2}**     The historical facts out of which this case arises are simple. Monty Gallegos (Plaintiff) and Michelle Lucero (Defendant) were involved in an automobile collision. Defendant was driving a car insured by Appellee Nevada General Insurance Company (Nevada General). Nevada General paid for damage to Plaintiff's vehicle, but the parties could not agree on medical expenses. Plaintiff sued for personal injury, naming both Defendant and Nevada General.

**{3}**     The procedural issues which ensued are more complex. After the suit was filed, Defendant could not be found. Nevada General answered the complaint, but argued that Plaintiff had failed to join a necessary party (presumably Defendant). Plaintiff then requested leave to serve Defendant by publication; Nevada General opposed. The district court authorized service by publication. Notice was published, and Defendant did not respond. Although Nevada General argued against default, the district court entered an order on December 4, 2007, awarding default judgment against Defendant. The same order bifurcated the proceedings, separating the trial on Defendant's liability from the fight over who would pay the judgment (if any). The issue of payment was "stayed until further order by the Court." The trial on liability  proceeded to an evidentiary hearing on June 17, 2008, and on July 21, 2008, the court entered judgment against Defendant for $20,564.55.

**{4}**     On June 20, 2008, shortly after the evidentiary hearing but before judgment had been entered, Nevada General filed a cross-claim for declaratory judgment. In it, Nevada General argued that because Defendant could not be found, she had violated the conditions of her policy requiring her to help prepare a defense. Because of this, Nevada General argued that it had no duty to defend or indemnify Defendant. Plaintiff was not made a party to the declaratory judgment action.

**{5}**     Plaintiff filed an answer to the cross-claim on July 29, 2008, eight days after default judgment had been entered against Defendant. In response, Nevada General filed a motion to strike the entire answer, arguing that because Plaintiff was not a party to the cross-claim, the filing was immaterial. Plaintiff countered that because he had secured a judgment against Defendant, he had standing to assert the judgment against Nevada General, and should therefore be permitted to answer the declaratory action. The district court granted the motion to strike. Defendant never answered the cross-claim, and Nevada General obtained a default judgment declaring that it was not required to defend or indemnify Defendant.

## II.     DISCUSSION

2

**{6}**     On appeal, Plaintiff contests both the order striking his answer to the cross-claim and the order granting default judgment as to the cross-claim. The narrow issue before us is whether the district court abused its discretion in striking Plaintiff's answer. More broadly, the issue is whether an injured third party may participate in an action brought under the Declaratory Judgment Act (DJA), NMSA 1978, Sections 44-6-1 to -15 (1975), by an automobile insurer to deny coverage to its insured. Because we hold that existing claimants must be joined in an insurer's declaratory action to deny coverage, it follows that the district court's decision to strike Plaintiff's answer was error.

**{7}**     Insurers commonly use declaratory judgments against their insureds to determine the extent of coverage. Frequently such suits are filed as stand-alone actions rather than cross-claims. *See, e.g.*, *Home Fire & Marine Ins. Co. v. Schultz*, 80 N.M. 517, 518, 458 P.2d 592, 593 (1969). Sometimes injured third parties are not even aware of the proceedings. *See, e.g.*, *In re Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St. 3d 138, 2010-Ohio-3264, 931 N.E.2d 548, at ¶ 5. Occasionally, insurers have even gone so far as to advise the insured not to appear in the declaratory actions. *Id.* We examine which parties are necessary in a declaratory action against this background, discussing first the requirements of the DJA, and second the effect of default declaratory judgments on parties who were not joined.

## A.     The Declaratory Judgment Act

**{8}**     Plaintiff argues that the district court abused its discretion by striking his response to Nevada General's cross-claim against Defendant and granting a default declaratory judgment that Nevada General was not required to defend or indemnify its insured. We review the district court's decision to grant a motion to strike for abuse of discretion. *See Gonzales v. Lopez*, 2002-NMCA-086, ¶ 6, 132 N.M. 558, 52 P.3d 418. A trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law. *State v. Barr*, 2009-NMSC-024, ¶ 29, 146 N.M. 301, 210 P.3d 198.

**{9}**     The DJA provides a cause of action in cases of actual controversy to declare rights, status, and other legal relations. *See* § 44-6-2. Declaratory judgment allows a party "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Section 44-6-14. However, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Section 44-6-12. This means that "any person or entity with an existing or potential interest in the outcome of the action" must be named; failure to do so deprives the court of subject matter jurisdiction. *See* 22A Am. Jur. 2d *Declaratory Judgments* § 208 (2003).

**{10}**     The Supreme Court of New Mexico has addressed a factually similar case, reversing a default declaratory judgment obtained by an insurer against its absent insured. In *Schultz*, a driver brought a personal injury suit against an insured party who had allegedly collided with her. 80 N.M. at 518, 458 P.2d at 593. The insured gave a statement to his insurer, but then disappeared. *Id.* The insurer then initiated a separate declaratory judgment action against both the driver and the insured seeking a declaration that the defendant "had

breached the cooperation clause of the policy in failing to appear, assist and cooperate with the insurer in the defense of the action." *Id.* As the defendant was unavailable, the Court entered a default declaratory judgment for the insurer. *Id.*

**{11}** The driver appealed, arguing that the insured, who had not been served with process, was an indispensable party to the declaratory judgment action. *Id.* The Supreme Court agreed. Under NMSA 1953, Section 21-1-1(19)(B) (1969) (now Rule 1-019(B) NMRA, identical in its essentials), an indispensable party was "one whose interests will necessarily be affected by a judgment in a particular case." *Schultz*, 80 N.M. at 518, 458 P.2d 593. The Court reasoned that victory by the insurer in the declaratory action would deprive the insured of his right to be defended and would expose him "to the consequences of a judgment in the personal injury action even though the insurance company had contracted to indemnify him." *Id.* at 519, 458 P.2d at 594. The Court concluded that since the insured's interests were necessarily affected by the declaratory judgment action, he was an indispensable party, and reversed with instructions to dismiss the declaratory action. *Id.*

**{12}** Although Plaintiff has not argued that he was an indispensable party to Nevada General's cross-claim, *Schultz* is nevertheless instructive. In both *Schultz* and the instant case, the insurer sought declaratory judgment against its absent insured to avoid liability. The insured's interest in *Schultz* was, in part, whether the insurer would pay any judgment against him. Here, Plaintiff's interest is whether Nevada General will pay the judgment he has already obtained against its insured. Like the insured in *Schultz*, Plaintiff's interests would "necessarily be affected" by a declaration of non-coverage (assuming he was allowed to participate in the declaratory action). *Id.* Accordingly, like the insured in *Schultz*, Plaintiff here was an indispensable party under Rule 1-019. We conclude that this also makes him a required party under the DJA, which states that "[w]hen declaratory relief is sought, *all* persons *shall* be made parties" who have any interest which would be affected. Section 44-6-12 (emphasis added).

**{13}** The policies underlying New Mexico's Mandatory Financial Responsibility Act (MFRA), NMSA 1978, Sections 66-6-201 to -239 (1978, as amended through 2003), provide additional support to the argument that Plaintiff was a required party under Section 44-6-12 of the DJA. The MFRA "has its own strong public policy and judicial precedent that affords third-party claimants a special, if not unique, place in our jurisprudence." *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 24, 135 N.M. 397, 89 P.3d 69. Unlike indemnification insurance, which simply protects the owner of the vehicle from loss, compulsory liability insurance "is intended to provide a benefit to the general public." *Raskob v. Sanchez*, 1998-NMSC-045, ¶ 6, 126 N.M. 394, 970 P.2d 580. Requiring insurers to join third-party claimants in declaratory actions is consistent with the unique status conferred upon the driving public by *Raskob* and its progeny.

**{14}** Additionally, our decision is consistent with the majority of state and federal courts that have considered the issue. The DJA is construed "to effectuate its general purpose to make uniform the law of those states which enact it." Section 44-6-15. The United States Supreme Court has held that an injured party cannot avoid being made a party to an insurer's declaratory action against the insured for non-coverage. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941). The Ninth Circuit recently held that "[a] default entered

4

against an insured policyholder . . . should not prevent an injured third party . . . from proceeding on its own behalf" in a declaratory action by the insurer. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). It noted that the third party's interest is obvious: "it wants to be able to collect its judgment . . . from the [insurer's] insurance policy and it cannot do that if [the insurer] is not liable under that policy." *Id.* at 1188. The court also noted that "[i]t has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of . . . a judgment fatal to the interests of other parties," *id.* at 1189, and that the argument for allowing a third party to proceed is "especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim." *Id.*

**{15}** Most (if not all) courts to address the issue have found that injured third parties are proper participants in declaratory actions brought by insurers to deny coverage. *See, e.g.*, *Hawkeye-Sec. Ins. Co. v. Schulte*, 302 F.2d 174, 177 (7th Cir. 1962) (holding that an injured third party has a right to participate in insurer's declaratory action); *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 423-24 (5th Cir. 1942) ("It has been repeatedly held in this circuit and elsewhere that whether an insurer is bound [under] an automobile insurance policy by a judgment against its insured, presents a controversy for declaratory judgment as between it, its insured and the plaintiff."); *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 748 (Mich. 1993) ("[An] injured party in an insurer's action for declaratory judgment is a proper party to that action.").

**{16}** In addition, some courts have gone so far as to hold injured parties indispensable. *See Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354-55 (3d Cir. 1986) (noting that injured third parties were indispensable in declaratory actions by insurers against insureds and holding that insured's default did not prevent injured third party from defending in the declaratory action); *In re Estate of Heintzelman*, 126 Ohio St. 3d 138, 2010-Ohio-3264, 931 N.E.2d 548, at ¶ 20 ("[A] plaintiff with a claim against an insured would seem to be a necessary party in a declaratory judgment action in which the insurer denies coverage.").

**{17}** After deciding *Kemper*, the Third Circuit has reached different results in similar cases. In *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, 419 F.3d 216, 219 (3d Cir. 2005), the court affirmed the district court's ruling denying various injured third parties leave to intervene in an insurer's declaratory action against an asbestos manufacturer. In deciding *Treesdale*, the court did not refer to *Kemper*. Instead, it relied on Third Circuit cases holding that a mere economic interest is insufficient to allow intervention. *Id.* at 221-25. Here, in the context of New Mexico's compulsory automobile insurance regime, we find the reasoning of *Treesdale* unpersuasive. Furthermore, unlike the court in *Treesdale*, which ignored contrary law regarding Pennsylvania's Declaratory Judgment Act, we interpret our DJA to make it harmonious with those of other states. Subsequently, at least one district court in the Third Circuit has recognized the tension between *Kemper* and *Treesdale*. *Nationwide Mut. Ins. Co. v. Garman*, 2010 WL 2038575 (M.D. Pa. May 19, 2010). Although it ultimately chose to follow *Treesdale*, it did so with little meaningful analysis and does not help us here. In any event, both of these cases framed the issue in terms of the Federal Rules of Civil Procedure, an issue we do not confront today except by analogy.

**{18}** We recognize that our Supreme Court's opinion in *Schultz* did not explicitly hold that a person such as Plaintiff was a required party to the declaratory action. Today, consistent with both *Schultz* and the well-reasoned state and federal cases that have addressed this issue, we hold that when an automobile insurer brings a declaratory action to deny coverage, both the insured and the existing plaintiffs against the insured are required parties. Accordingly, the district court abused its discretion by not allowing Plaintiff to participate in the declaratory action.

## B. The Doctrine of Law of the Case

**{19}** Our conclusion that Plaintiff should have been allowed to participate is bolstered by the fact that a default judgment under these circumstances would not bind him. The effect of a declaratory judgment to which Plaintiff was not joined can be analyzed under the DJA or under the principles of preclusion. Under either of these approaches, Plaintiff could litigate the issue again in his own claim against Nevada General.

**{20}** Because the declaratory action here is in the same proceeding as the liability case, we apply the doctrine of the law of the case rather than the doctrine of issue preclusion. *See Alba v. Hayden*, 2010-NMCA-037, ¶¶ 6-7, 148 N.M. 465, 237 P.3d 767. The doctrine of law of the case relates to litigation of the same issue recurring within the same suit. *Id.* ¶ 7. Its purpose is to ensure that once a particular issue in a case is settled it remains settled. *Id.* ¶ 8. In *Alba*, the question was whether a defendant was bound by summary judgment against a co-defendant. *Id.* ¶ 1. The summary judgment was premised upon matters that had been deemed admitted because the co-defendant had not responded to them. *Id.* ¶ 3. Because under existing law one defendant could not be bound by the deemed admissions of a co-defendant, this Court concluded that a defendant could not be bound by summary judgment against a co-defendant premised upon deemed admissions. *Id.* ¶ 13.

**{21}** A similar result obtains here. The DJA forbids a party from being prejudiced by a declaratory action to which he was not a party. Section 42-6-12. Following the reasoning of *Alba*, we conclude that a default declaratory judgment against only Defendant would not become the law of the case with respect to Plaintiff. It follows that, were we to affirm the district court, Plaintiff would be free to litigate the coverage issue again in the non-liability portion of his case. Such a result is contrary to the purposes of both the doctrines of preclusion, *see Alba*, 2010-NMCA-037, ¶ 6 ("The principles of preclusion operate to . . . reliev[e] parties of the burdens of multiple lawsuits . . . and prevent[] inconsistent decisions." (internal quotation marks and citation omitted)), and the DJA, *see Hayes*, 499 N.W.2d at 747 ("[T]he purpose of the [DJA] is to allow parties to avoid multiple litigation. . . .").

**{22}** Indeed, our Supreme Court in *Schultz* took it for granted that non-parties would not be bound by declaratory judgments. *See* 80 N.M. at 518-19, 458 P.2d at 593-94. Similarly, the Court in *Maryland Casualty Company*, recognizing that declaratory judgment against only the insured would not bind the injured party, required joinder of the injured third-party to avoid the possibility that "opposite interpretations of the [insurance] policy might be announced" in the declaratory action and the liability action. 312 U.S. at 274; *see also Hayes*, 499 N.W.2d at 743, 751 (holding that a default declaration of non-coverage against

6

insured does not bind third parties); *El Naggar Fine Arts Furniture, Inc. v. Indian Harbor Ins. Co.*, 248 S.W.3d 202, 207 (Tex. App. 2007) ("[A]n injured third party . . . should not be bound by a declaration obtained by an insurer against a defaulting insured in an action in which the injured third party is not named.").

{23}   Requiring insurers to join injured parties in declaratory judgment actions comports with the policies behind both the DJA and the principles of preclusion.  This, together with our conclusion that plaintiffs as well as insureds are required parties in declaratory actions to deny coverage by insurers, convinces us that the district court erred in denying Plaintiff an opportunity to contest the coverage issue below.

## III.   CONCLUSION

{24}   For the foregoing reasons, we reverse the order granting the motion to strike Plaintiff's answer to cross-claim and remand to the district court with instructions to vacate the default judgment in the declaratory action.

{25}   **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *Gallegos v. Nevada Gen. Ins. Co.*, Docket No. 29,280**

| AE | APPEAL AND ERROR |
| --- | --- |
| AE-LC | Law of the Case |

| CP | CIVIL PROCEDURE |
| --- | --- |
| CP-CR | Cross-claims |
| CP-DJ | Default Judgment |
| CP-FA | Failure to Appear |
| CP-ID | Indispensable Parties |
| CP-JC | Joinder of Claims |
| CP-JP | Joinder of Parties |
| CP- LC | Law of the Case |
| CP- TA | Third-party Actions |
| CP-SP | Service of Process |

**IN**        **INSURANCE**
IN-DC      Denial of Coverage
IN-DD      Duty to Defend
IN-MV      Motor Vehicle Insurance

**JM**        **JUDGMENT**
JM-DJ      Declaratory Judgment