VIGIL, Chief J., dissenting in part, specially concurring in part. {40} Workers’ first argument on appeal is that dismissal oftheir claims was precluded by the declaratory judgment in Griego. The majority fails to address this argument. Without providing a sufficient reason for doing so, the majority simply declares, “We need not determine whether the district court’s determination in Griego was binding in the present cases.” Majority Opinion ¶ 7.1 dissent from this proposition. Further, I respectfully submit that by answering Workers’ fully preserved argument, we are not issuing an advisory opinion. {41} In Griego, three individual plaintiffs and two organizational plaintiffs brought a declaratory judgment action against the WC A and its director (WCA) contending that the farm and ranch laborers exclusion in the Workers’ Compensation Act violated their right to equal protection of the law under Article II, Section 18 of the New Mexico Constitution. Griego, No. 32,120, memo op. ¶ 2. (I do not cite to Griego for any precedential purposes, but only for the facts it discloses). The district court held that the exclusion was unconstitutional, and the WCA appealed. Id. ¶ 3. The WCA’s appeal only challenged the district court’s jurisdiction over the individual plaintiffs’ claims on two grounds: (1) that they should have pursued an appeal from the W CA instead of filing a separate declaratory judgment action; and (2) that the district court did not have authority to order the WCA to reopen the individual plaintiffs’ claims for consideration on their merits. Id. ¶¶ 6-7. The WCA did not challenge the district court’s jurisdiction over the claims of the organizational plaintiffs, nor did the WCA attack the district court’s determination of unconstitutionality. Id.\l. {42} The WCA and individual plaintiffs settled, rendering moot the issues raised on appeal by the WCA. Id. ¶ 8. Nevertheless, the individual plaintiffs argued that the appeal should not be dismissed as moot, because the WCA continued to urge that it was not bound to enforce the district court judgment declaring the exclusion unconstitutional. Id. The WCA maintained that the district court judgment invited “chaos” because it appeared to conflict with Cueto, and WCJs would have to choose whether to follow the district court judgment or Cueto. Id. ¶ 10. We rejected the WCA’s assertion. We pointed out that the district court had considered Cueto and determined that it was inapposite and distinguishable. Id. Therefore, we said, “As a party to the declaratory judgment action, the WCA is bound by the district court’s ruling.” Id. We also added that if the WCA believed that the district court had ruled contrary to precedent, its remedy was to seek appellate review of that decision. Id. ¶ 11. Having chosen not to do so, we concluded, the WCA “cannot now escape the effect of unchallenged parts of the district court’s decision.” Id. Because the issues raised on appeal were moot, the WCA’s appeal was dismissed. Id. ¶ 12. {43} There can be no doubt that the district court judgment declaring the farm and ranch laborers exclusion in the Workers’ Compensation Act unconstitutional is binding on the WCA. “The doctrine of issue preclusion prevents a party from re-litigating ultimate facts or issues actually and necessarily decided in a prior suit.” State ex rel. Peterson v. Aramark Corr. Servs., LLC, 2014-NMCA-036, ¶ 34, 321 P.3d 128 (internal quotation marks and citation omitted). The four elements required to apply issue preclusion are satisfied in this case. Those elements are: (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. Id. The W CA fully litigated the constitutional issue in Griego and having lost, deliberately chose not to appeal that issue. Thus, the WCA and WCJs were legally obligated to follow and apply the declaratory judgment to these cases. The declaratory judgment does not tell WCJs of the WCA how to decide any case on its merits; it only precludes enforcement of the farm and ranch laborers exclusion. Moreover, the refusal of the WCJs to follow and apply the declaratory judgment on the basis that Cueto was conflicting authority was improper because the applicability of Cueto was resolved in the very action in which the declaratory judgment was rendered, and no appeal was taken on the constitutional question. See State ex rel. Maloney v. Sierra, 1970-NMSC-144, ¶¶ 8-11, 82 N.M. 125, 477 P.2d 301 (stating that the portion of a declaratory judgment on a constitutional question that was not challenged on appeal was final). {44} The majority’s failure to specifically determine that the Griego declaratory judgment is binding on the WCA in these cases is troubling. It encourages a litigant not to comply with a final declaratory judgment rendered against it and to relitigate the same issue in a new case. It also implies that a final judgment rendered against a party in a prior case has no effect on appeal, even if the prior judgment was against the same party and resolved the same issue. This dilutes settled principles of finality and implies that a district court declaratory judgment does not merit recognition and enforcement. I therefore dissent from the majority’s statement that “We need not determine whether the district court’s determination in Griego was binding in the present cases.” Majority Opinion ¶ 7. {45} Whether Griego is binding on the employers and insurers in these cases presents another question because they were not parties in the Griego litigation. Our Declaratory Judgment Act specifically states, that “no declaration shall prejudice the rights of persons not parties to the proceeding.” NMSA 1978, Section 44-6-12 (1975); see Gallegos v. Nevada Gen. Ins. Co., 2011-NMCA-004, ¶ 21, 149 N.M. 364, 248 P.3d 912 (stating that the D eclaratory Judgment Act “forbids a party from being prejudiced by a declaratory action to which he was not a party”). Thus, if the WCA and WCJs had properly complied with the Griego declaratory judgment in these cases, and the WCJ’s determined that Workers were entitled to workers’ compensation benefits, the employers and insurers could have appealed from that decision and argued that the farm and ranch laborers exclusion is not unconstitutional. On this basis, I specially concur in the result, because I agree with the majority’s analysis of the constitutional question and with modified prospective application set forth in parts III and IV of the majority opinion. MICHAEL E. VIGIL, Chief Judge