*271 Kennedy, J.,
concurring.
{¶ 24} I concur in the majority’s judgment. I write separately because I agree with appellee Ohio Department of Job and Family Services that R.C. 4141.01(H)(1)(a) and the related statutes, which define and determine taxable remuneration, are not ambiguous. Because deference to an agency’s interpretation of a statute is not necessary when applying an unambiguous statute, I would affirm the judgment of the appellate court by applying the statutes as written, and I would not address R.C. 4141.46 or other laws that guide our interpretation of ambiguous statutes.
Legal Analysis
Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous. Sherwin-Williams Co. v. Dayton Freight Lines, Inc., 112 Ohio St.3d 52, 2006-Ohio-6498, 858 N.E.2d 324, ¶ 15. “ ‘[WJhere the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written * * *.’ ” Id. at ¶ 14, quoting Hubbard v. Canton City School Bd. of Edn., 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14.
Estate of Heintzelman v. Air Experts, Inc., 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d 548, ¶ 15. The legal analysis of the relevant statutes requires a multilayered approach, but it reveals no ambiguity in the statutes. Therefore, the statutes should be enforced like any other statutes.
{¶ 25} The analysis begins with the definitional section of the Unemployment Compensation Act, R.C. 4141.01, defining “benefit year” as follows:
(R)(1) * * * Any application for determination of benefit rights made in accordance with section 4141.28 of the Revised Code is valid if the individual filing such application is unemployed, has been employed by an employer or employers subject to this chapter in at least twenty qualifying weeks within the individual’s base period, and has earned or been paid remuneration at an average weekly wage of not less than twenty-seven and one-half per cent of the statewide average weekly wage for such weeks.
(Emphasis added.)
{¶ 26} “Remuneration” is defined in R.C. 4141.01(H)(1) and provides:
*272 “Remuneration” means all compensation for personal services, including commissions and bonuses and the cash value of all compensation * * *.
* * * “[RJemuneration” does not include:

(a) Payments as provided in divisions (b)(2) to (b)(16) of section 3306 of the “Federal Unemployment Tax Act,” 84 Stat. 713, 26 U.S.C. A. 3301 to 3311, as amended.

(Emphasis added.)
{¶ 27} Under a plain reading of R.C. 4141.01(H)(1), then, “remuneration,” for purposes of determining eligibility under the unemployment-compensation statutes, includes all compensation for personal services, but excludes any compensation paid under 26 U.S.C. 3306(b)(2) to (b)(16).
{¶ 28} Title 26 of the United States Code is the Internal Revenue Code. 26 U.S.C. 3306, entitled “Definitions,” provides:
(b) Wages. — For purposes of this chapter, the term “wages” means all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash; except that such term shall not include —
* * *
(5) any payment made to, or on behalf of, an employee or his beneficiary—
(G) under a cafeteria plan (within the meaning of section 125) if such payment would not be treated as wages without regard to such plan and it is reasonable to believe that (if section 125 applied for purposes of this section) section 125 would not treat any wages as constructively received
(Emphasis added.)
{¶ 29} Therefore, under a plain reading of 26 U.S.C. 3306(b)(5)(G), “wages,” for purposes of the Internal Revenue Code, means all remuneration, but excludes any payment under a cafeteria plan if 26 U.S.C. 125 does not treat the payment as wages or as wages constructively received.
{¶ 30} 26 U.S.C. 125 is entitled “Cafeteria plans” and provides:
*273 (a) In general. — Except as provided in subsection (b) [exception for highly compensated participants and key employees], no amount shall be included in the gross income of a participant in a cafeteria plan solely because, under the plan, the participant may choose among the benefits of the plan.
(d) Cafeteria plan defined. — For purposes of this section—
(1) In general. The term “cafeteria plan” means a written plan under which—
(A) all participants are employees, and
(B) the participants may choose among 2 or more benefits consisting of cash and qualified benefits.
(f) Qualified benefits defined. — For purposes of this section, the term “qualified benefit” means any benefit which, with the application of subsection (a), is not includible in the gross income of the employee by reason of an express provision of this chapter (other than section 106(b), 117, 127, or 132).
{¶ 31} Therefore, under a plain reading of 26 U.S.C. 125, contributions to a qualified cafeteria plan may be excluded from gross income. To qualify as a cafeteria plan, the plan must be in writing, cover only employees, and permit the employees to choose from two or more benefits consisting of cash and qualified benefits. A “qualified benefit” is not included as income if there is an express provision in the Internal Revenue Code exempting it. 26 U.S.C. 105 specifically exempts the money placed in the flexible spending account (“FSA”) in this case.
{¶ 32} 26 U.S.C. 105, entitled “Amounts received under accident and health plans,” provides:
(a) Amounts attributable to employer contributions. — Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.
(b) Amounts expended for medical care. — Except in the case of amounts attributable to * * * deductions allowed under section 213 * * * gross income does not include amounts referred to in subsection (a) if *274 such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(d)) of the taxpayer, his spouse, [and/or] his dependents * * *.
(Emphasis added.)
{¶ 33} Therefore, the Internal Revenue Code does not include in gross income amounts paid for qualifying 26 U.S.C. 213(d) medical expenses.
{¶ 34} The administrative agencies, the courts, and the parties agree that the amounts paid on behalf of or reimbursements made to Bernard for medical expenses from the FSA are qualifying medical expenses pursuant to 26 U.S.C. 213(d). They also agree that Bernard’s FSA was a qualified cafeteria plan, which legally permitted her to direct her employer to divert earnings for future reimbursement for or direct payment of qualifying medical expenses, and that at all relevant times, a provision of the Internal Revenue Code declared that those amounts were not included in gross income.
{¶ 35} The language of R.C. 4141.01(H)(1) is not ambiguous. It defines “remuneration” as all compensation for personal service with the exclusion of all payments made in accordance with 26 U.S.C. 3306(b)(2) to (b)(16). While the Internal Revenue Code is cumbersome, it plainly delineates that amounts diverted into a qualified cafeteria plan to pay qualified medical expenses and amounts paid “directly or indirectly” under a qualified cafeteria plan for qualified medical expenses are not includable as gross income for income-tax purposes.
Conclusion
{¶ 36} I concur with the majority to affirm the court of appeals. But in my view, R.C. 4141.01(H)(1)(a) and the related state and federal statutes are not ambiguous. Consequently, I would not address R.C. 4141.46 or other laws that guide our interpretation of ambiguous statutes.
O’Donnell, J., concurs in the foregoing opinion.