PER CURIAM.
Kelvin Havis appeals from a judgment of the Marshall County Circuit Court dismissing, with prejudice, his claims against Marshall County, the Marshall County Commissioners, and the sheriff of Marshall County. We affirm.
On October 27, 1999, Havis filed a three-count complaint seeking damages under state law based upon injuries arising from three falls he claimed to have sustained during his incarceration in an isolation cell in the Marshall County jail between March 21 and April 2, 1999. Count I sought damages from the County; Count II sought damages from the commissioners; and Count III sought damages from the sheriff. Each of the defendants filed a motion to dismiss for failure to state a claim against that defendant. On March 2, 2000, the trial court entered an order on the case action summary sheet dismissing the sheriff and the commissioners.
On March 7, 2000, the County, which was the sole remaining defendant, answered the complaint. The County then filed a motion for a summary judgment on April 28, 2000, averring that Havis had failed to file an itemized statement of his claim with the Marshall County Commission within one year of the accrual of his claims, as required under Ala. Code 1975, §§ 6-5-20, 11-12-5, and 11-12-8; that motion was supported by the affidavit of the Marshall County administrator. Havis filed a motion, pursuant to Rule 56(f), Ala. R. Civ. P., in which he contended that he needed to take discovery before responding to the County’s summary-judgment motion. The County opposed Havis’s motion, contending that the discovery sought did not pertain to the sole issue raised in its summary-judgment motion; the County also stated that Havis had admitted, in correspondence with counsel for the County, that he had failed to file a claim with the County Commission, and it argued that the County was “in a position to have this action dismissed based solely on this point of law.”
*1103 On June 20, 2000, after conducting a hearing, the trial court entered a summary judgment in favor of the County; it also taxed costs against Havis. On June 21, the trial court received from Havis a “Motion to Dismiss,” by which he requested that the court dismiss the action without prejudice; that motion contained a certificate stating that it had been “handed over to the prison authorities for mailing ... on this the 17th day of June, 2000”; that would have been three days before the court entered the summary judgment in favor of the County. On June 23, the trial court entered “Case dismissed” and “Costs taxed to plaintiff’ on the case action summary sheet. The defendants filed a motion for “clarification” four days later, on June 27, 2000, requesting that the trial court specifically state that its dismissal was with prejudice. On July 2, 2000, the trial court entered an order on the case action summary sheet stating that its prior orders constituted “an adjudication on the merits” and that the case was “dismissed with prejudice.” Havis filed a motion to alter, amend, or vacate the judgment; the court denied that motion.
In his appellate brief, Havis raises three issues.[1] The first two issues concern whether the trial court, in Havis’s words, “exercised an unpermitted discretion” in entering a judgment of dismissal with prejudice in favor of the commissioners, the sheriff, and the County. As to the commissioners and the sheriff, whose motions to dismiss were granted by the trial court on March 2, 2000,[2] Havis also eon-tends that the trial court did not have the power to alter its order of dismissal after 30 days had elapsed, and that those defendants should have resorted to a Rule 60(b), Ala. R. Civ. P., motion for relief from judgment.
However, Rule 54(b), Ala. R. Civ. P., provides that in the absence of the trial court’s direction of a final judgment, any order that adjudicates the claims or liabilities of fewer than all of the parties “shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.” Thus, the 30-day periods provided for in Rules 52(b) and 59(e), Ala. R. Civ. P., which pertain to the time for filing motions to revise factual findings in, or to otherwise amend, final judgments, did not start running on March 2, 2000, as Havis contends. Rather, the 30-day periods provided for in those rules started running no earlier than June 20, 2000, the date upon which the trial court adjudicated Havis’s claim against the County, the sole remaining defendant. Therefore, the June 27, 2000, motion for “clarification” was filed within 30 days of the trial court’s judgment, and the trial court had the discretion under Rule 59(e) to amend its earlier judgments to expressly state that Havis’s claims would be dismissed with prejudice.
Havis next contends that because he is an incarcerated litigant proceeding pro se, Houston v. Lack, 487 U.S. 266, 108 *1104 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and its progeny[3] require that his motion to dismiss be taken as having been filed before the trial court entered the County’s summary judgment, rather than after it had entered that summary judgment. He then argues that the trial court’s “Case dismissed” order dated June 23, 2000, which was entered at his behest, does not specify whether the dismissal was with prejudice or was without prejudice, and that, pursuant to Rule 41(a)(2), Ala.R.Civ.P., that order thus was a dismissal without prejudice, and he posits that the June 23 order could not properly be set aside by the trial court and replaced by its July 2, 2000, order declaring that the court had dismissed the case with prejudice.
When Havis filed his motion to dismiss, only one claim against one defendant — the County — remained pending. Caselaw construing the federal analogue of Rule 41(a), which is “highly persuasive when we are called upon to construe the Alabama rules” (see Wilson v. First Union Nat'l Bank of Georgia, 716 So.2d 722, 726 (Ala.Civ.App.1998)), indicates that a motion to voluntarily dismiss that is filed after other claims have been dismissed pursuant to Rule 12(b)(6) can be effective only as to claims remaining in the case. See Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252-53 (4th Cir.1991). Thus, Havis’s motion could have applied only to his claim against the County, and that motion, and the actions of the trial court taken on that motion and on the parties’ subsequent motions, did not affect its earlier dismissals.
Moreover, when Havis filed his motion to dismiss, the County had served both an answer and a motion for a summary judgment upon Havis; either of those actions will, under Rule 41(a)(1)(f), Ala.R.Civ.P., terminate a plaintiffs right to dismiss unilaterally, without prejudice, his or her claims against a defendant. Therefore, when he filed his motion to dismiss, Hav-is’s action could not be dismissed “save upon order of the court and upon such terms and conditions as the court deem[ed] proper.” Rule 41(a)(2), Ala. R.Civ.P.
Within 12 days, between June 20 and July 2, 2000, the trial court purported to enter three separate final judgments. First, it granted the County’s summary-judgment motion, terminating all claims as to all parties. See Rule 54(b), Ala. R. Civ. P. Next, it purported to grant Havis’s motion and to dismiss the case, without specifying whether that dismissal was with prejudice or was without prejudice, thereby amending its earlier summary judgment; under Rule 41(a)(2), that new judgment dismissed the case as to the County without prejudice. Finally, the trial court entered an order specifying that its earlier dismissal was with prejudice, thereby again amending its judgment as to the County to state that its dismissal would be an “adjudication on the merits” and to specify that its dismissal would be “with prejudice.”
Even if we afford primacy to Havis’s motion to dismiss and relate the trial court’s June 23 order of dismissal back to June 17, when Havis says he gave that motion to prison authorities for mailing, the defendants’ June 27 motion for “clarification” would nevertheless have been a timely postjudgment motion under Rule 59(e), Ala. R. Civ. P., pursuant to which the trial court would have had the power to enter its July 2 judgment declaring that *1105 it had adjudicated the merits and the power to dismiss the case “with prejudice.” Therefore, we conclude that the trial court had the discretion on July 2 to amend its judgment.
The final issue raised by Havis concerns whether the trial court should have exercised its discretion on July 2, as it did, to specify that the dismissal of the County was with prejudice. Havis acknowledges that the substantive basis of the trial court’s decision was its conclusion that Havis had not met the requirements of Alabama statutes requiring that a notice of a claim against a county be filed with that county within 12 months of the accrual of the claim. See §§ 6-5-20, 11-12-5, and 11-12-8, Ala.Code 1975. Moreover, Havis has conceded that he did not, in fact, file a notice of his claim with the County within one year of the accrual of his cause of action against the County. Havis nevertheless contends that he would not have been required to meet the claim-filing requirement had he brought his action in a United States district court, and that the trial court’s judgment of dismissal with prejudice improperly denies him a right to seek relief in another forum.
We reject Havis s contention. First, its premise — that he would not have to comply with Alabama notice-of-claim statutes as a prerequisite to bringing an action on his claims in a federal court — is faulty. Havis did not assert in his complaint that any of the defendants had deprived him of life, liberty, or property under color of state law, so as to state a claim arising under federal law (see 42 U.S.C. § 1983). Moreover, to the extent that Havis sought to reassert his state-law claim against the County in a federal district court, that court, under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), would be required, as the trial court in this case was, to apply Alabama law, including Alabama’s notice-of-claim statutes, to that claim. See, e.g., Shows v. Morgan, 40 F.Supp.2d 1345, 1365 (M.D.Ala.1999) (dismissing state-law claims against city and against city officers in their official capacity because of plaintiffs failure to comply with Alabama’s municipal presuit-notice-of-elaim statutes, §§ 11-47-23 and 11-47-192, Ala.Code 1975). Finally, even were Havis correct in his assertion that a federal district court would not apply Alabama’s notice-of-claim statutes to bar his claim against the County, federal authority construing Rule 41(a), Fed.R.Civ.P., indicates that “a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.” Hamm v. Rhone-Poulenc Rover Pharm., Inc., 187 F.3d 941, 950 (8th Cir.1999), cert. denied, 528 U.S. 1117, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000). We conclude that the trial court’s decision to dismiss Havis’s claim “with prejudice,” rather than “without prejudice,” was not an abuse of its discretion. See Henderson v. Early, 555 So.2d 130, 132 (Ala.1989) (dismissal with prejudice was not an abuse of discretion where no facts could be presented that would support cause of action).
Having reviewed the facts and the pertinent legal authorities, we conclude that the trial court’s judgment in favor of the commissioners, the County, and the sheriff is due to be affirmed.
AFFIRMED.
All the judges concur.

. Havis has attempted to raise an additional issue in his reply brief, namely, whether the trial court should have addressed his Rule 56(0 motion before ruling on the County's summary-judgment motion. "It is well settled that issues not raised in a party's initial brief on appeal may not be raised in a reply brief.” Pate v. Billy Boyd Realty & Constr., Inc., 699 So.2d 186, 193 (Ala.Civ.App.1997).

. We note that Rule 41(b), Ala. R. Civ. P., provides that all dismissals not provided for in that rule, which would necessarily include dismissals under Rule 12(b)(6), operate as adjudications on the merits.

. This court recently adopted the holding of Houston as it applies to incarcerated civil litigants proceeding pro se. See Veteto v. Yocum, 793 So.2d 814, 816-17 (Ala.Civ.App.2001).