**AUTO MUT. INDEMNITY CO. v. DUPONT et al.**

No. 1224.

District Court, D. Delaware.

Dec. 16, 1937.

Joseph Handler, of Wilmington, Del., for plaintiff.

Josiah Marvel, Jr. (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for Frank V. Dupont and others.

Howard W. Bramhall, of Georgetown, Del., for Isaac W. Williams.

Caleb R. Layton, 3d (of Hastings, Stockly & Duffy, of Wilmington, Del.), of Wilmington, Del., for Othy Brumbly.

NIELDS, District Judge.

Motion to dismiss petition for want of jurisdiction.

Auto Mutual Indemnity Company, a corporation of the state of New York, filed a petition under the Declaratory Judgments Act in this court against Elwood Daisey, a resident of Virginia, and against others, residents of Delaware. Plaintiff is insurer in a policy of accident insurance, and the defendant Elwood Daisey is the assured.

In its petition plaintiff alleges:

"That Elwood Daisey, the owner of a Chevrolet truck, applied to petitioner, to issue to him its policy of insurance on the truck; defendant in his application represented to petitioner that the truck would be used by defendant in the hauling of produce to northern markets; that relying on his representation petitioner issued to defendant its policy for one year from November 7, 1936 insuring the Chevrolet truck while being used for the hauling of produce to northern markets.

"That in the policy of insurance petitioner bound and obligated itself to defend in the name and on behalf of the assured, any claim or suit against him, even if groundless, to recover damages on account of bodily injuries and property damage covered by the policy.

"That on April 5, 1937 on the Dupont Highway, between Dagsboro and Millsboro, Delaware, an accident occurred between the Chevrolet truck and a Dodge truck owned by the Delaware State Highway Department. As a result of the accident the Dodge truck was damaged and Othy Brumbly operating the Dodge truck and Casher Brittingham and Isaac W. Williams passengers therein were injured.

"That at the time of the accident, defendant's truck was being operated by Mark Daisey accompanied by Dave H. Daisey; that this truck was loaded with scrap iron in Chincoteague, Virginia; to the knowledge of defendant Elwood Daisey and with his permission and consent the scrap iron, loaded on the truck, was being transported at the time and place of the accident to Philadelphia, Pennsylvania; that at said time and place there was no produce being hauled in the truck.

"That at the time of the accident by virtue of the unauthorized use to which the truck was put in transporting scrap iron the policy of insurance issued by the petitioner was not in force.

"That defendants Brittingham, Brumbly and Williams have made demand on plaintiff on account of personal injuries which they claim to have sustained through the accident and that the Delaware State Highway Department intends to make a demand on plaintiff for damages to its truck; that said defendants claim that the policy of insurance covers the use to which the truck was being put; that said policy will be the basis of suits for damages. That defendant Daisey contends that the policy obligates the petitioner to defend him in all actions brought against him because of the accident.

"That for the protection of petitioner, it is necessary that the policy of insurance be construed in the light of the facts alleged,

so that this court may judicially determine that the policy did not cover the Chevrolet truck at the time of the accident."

The petition prays that the court enter a declaratory judgment construing the policy of insurance in the light of the circumstances herein set out and determine that the policy of insurance did not cover the Chevrolet truck at the time of the accident.

Annexed to the petition is a copy of the policy, and in bold-faced type on the face of the policy is the statement: "This Policy is issued in consideration of the payment of a premium and of the Declarations endorsed hereon." Printed below is item 5 of the declarations: "Item 5—The purposes for which the automobile is to be used are hauling produce to northern markets."

The motion to dismiss admits the truth of the allegations in the petition. In effect, the petition alleges that transporting scrap iron in the Chevrolet truck violated an essential term and condition of the accident policy, and voided it. There is little doubt that a party feeling himself aggrieved by the breach of a vital condition of a contract may file a petition under the Declaratory Judgments Act, Jud.Code § 274d, as amended, 28 U.S.C.A. § 400, for a judicial construction of the contract to determine whether the contract is terminated. Borchard's Declaratory Judgments, pp. 436, 437. Apparently this is what petitioner has done here. Upon that assumption, and it is the only rational assumption that can be made, this is a suit by the insurer against the assured to have a policy of accident insurance declared void. In such a suit, Elwood Daisey, the insured, is an indispensable party. The joinder of the other parties defendant, although residents of Delaware, is of no significance. The Declaratory Judgments Act makes no provision as to venue, and federal jurisdiction must be based upon the diversity of citizenship of the parties. Webster Co. v. Society for Visual Education, 7 Cir., 83 F.2d 47. Here we have a suit by a New York corporation against a resident of Virginia. Under section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, such a suit must be brought "in the district of the residence of either the plaintiff or the defendant." In brief, a court of Virginia should be asked to construe this policy of insurance, and in so doing determine whether the policy is terminated.

The motion to dismiss the petition must be granted.