# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. NO.: N17C-12-333 AML |
| BOWMAN TRAILER LEASING, LLC; GREAT AMERICAN INSURANCE COMPANY; US TRAILER HOLDINGS, LLC, d/b/a CO QUEST CAPITAL GROUP, LLC; STAPLES, INC.; ACE AMERICAN INSURANCE COMPANY; CLINTON PEAVY; NAZIR PEAVY; a minor, by his guardian ad litem MYLESA WALTON; MYLESA WALTON; TEENA PEAVY; MICHAEL PEAVY; ESTATE OF CLINTON PEAVY; JAMES DONNELL LIGHTY; W.B. MASON CO., INC.; A DUIE PYLE, INC.; TRISTATE TRUCKING, LLC; AND CHARLES BOLTON, JR., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: June 7, 2018
Decided: August 13, 2018

**Upon Defendant Nazir Peavy's Motion to Dismiss or Stay: Stayed**

**<u>MEMORANDUM OPINION</u>**

Thomas P. Leff, Esquire, of CASARINO, CHRISTMAN & SHALK, Wilmington, Delaware, and Robert D. Moseley, Jr., Esquire, of SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, Attorneys for Plaintiff.

Jason D. Warren, Esquire of McCANN & WALL, LLC, Wilmington, Delaware, and Justin L. Klein, Esquire, of HOBBIE, CORRIGAN & BERTUCIO, P.C., Eatontown, New Jersey, Attorneys for Defendant Nazir Peavy.

**LeGrow, J.**

Defendant Nazir Peavy ("Peavy") filed this motion to dismiss or stay Progressive Casualty Insurance Company's ("Progressive") declaratory judgment action. Progressive's claim seeks a declaration that it is not obligated to defend or indemnify Tristate Trucking ("Tristate") or Charles Bolton, two alleged tortfeasors in an underlying personal injury action pending in New Jersey. Peavy moved to dismiss or stay this action on *forum non conveniens* grounds, arguing New Jersey was the more appropriate forum for Progressive's claim under the *Cryo-Maid* factors. This case requires this Court to determine whether a first-filed personal injury action is a prior pending action for *forum non conveniens* purposes when an insurance coverage dispute later is filed and resolution of at least some of the claims in both actions will turn on the same disputed set of facts. In view of the overlapping factual issues between the two actions, the risk of inconsistent judgments, and the fact Delaware law is not implicated in this case, I conclude the New Jersey action is a prior pending action, and the *Cryo-Maid* factors weigh in favor of granting Peavy's motion. My reasoning follows.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from the complaint and the parties' briefs. On August 19, 2016, Charles Bolton was operating a Great Dane Trailer ("trailer") attached to a 2010 Freightliner Tractor ("tractor"). While driving in New Castle County, Delaware, Bolton was involved in a motor vehicle accident with a vehicle

occupied by Clinton Peavy, Nazir Peavy, and Teena Peavy. Nazir Peavy, a six-year-old passenger in the Peavy vehicle, suffered severe burns as a result of the accident. At the time of the accident, Bolton was operating the tractor on behalf of Tristate, a company insured by Progressive and principally owned and operated by James Donnell Lighty.

According to Progressive's complaint, several additional parties had an insurance or ownership/leasing interest in the trailer or its freight. US Trailer owned the trailer, but had leased it to Bowman Trailer, which subleased the trailer to Staples. Great American Insurance Company ("Great American") allegedly insured both US Trailer and Bowman Trailer, while ACE American Insurance Company ("ACE American") insured Staples. At the time of the accident, the trailer was carrying freight allegedly owned by W.B. Mason, Inc. How the tractor became linked to the trailer and came to be carrying the freight remain disputed factual issues. Additionally, it is unclear whether A Duie Pyle, as the transportation broker for Tristate, properly vetted Tristate's insurance coverage, as the Peavys allege it was required to do.

On October 22, 2016, Nazir Peavy, through his guardian *ad litem* Mylesa Walton, filed a negligence action in the New Jersey Superior Court of Monmouth County against multiple parties involved in the August 2016 accident. Peavy's law suit was consolidated with two other negligence actions in the New Jersey Superior

2

Court, Monmouth County, arising from the August 2016 accident (the "New Jersey action").

At the time of the accident, Progressive's policy for Tristate did not list the tractor or trailer on its auto schedule. On December 27, 2017, Progressive brought this Delaware action seeking declaratory judgment that (1) Progressive has no duty to defend or indemnify Tristate or Bolton, and (2) Progressive's insurance policy with Tristate does not apply to the New Jersey action. On April 20, 2018, Nazir Peavy moved to dismiss or stay the Delaware action on *forum non conveniens* grounds, arguing both the declaratory judgment action and the negligence action should be tried in New Jersey. In November 2017, an unrelated party filed a separate personal injury action against Bolton and several other defendants regarding the August accident.[1] That, however, has no bearing on the outcome of Peavy's motion.

**THE PARTIES' CONTENTIONS**

In support of his motion, Peavy argues the factors applied in Delaware to *forum non conveniens* motions weigh in favor of dismissing, or at a minimum staying, the Delaware action. Peavy first argues litigating this action in Delaware would impose a substantial hardship for him associated with the additional costs of hiring Delaware counsel and traveling approximately one hundred miles to

---

[1] *See DeShields v. Bolton, et. al*, C.A. No. N18C-001-CEB (Del. Super.).

Delaware for court proceedings. Second, Peavy argues the Delaware action largely involves issues of contract and therefore neither New Jersey nor Delaware presents access of proof issues. Third, Peavy contends that, although the accident occurred in Delaware, no question of Delaware law is presented because there is no indication any of the insurance policies were issued in Delaware. Finally, Peavy maintains that the New Jersey action constitutes a prior pending action with factual issues that overlap substantially with the Delaware action, and consolidating the actions in New Jersey would avoid duplicative discovery and streamline the litigation.

Progressive, on the other hand, first argues the New Jersey action does not constitute a prior pending action, and Peavy therefore must demonstrate overwhelming hardship in order to dismiss the Delaware action on *forum non conveniens* grounds. Progressive asserts the New Jersey action does not constitute a prior pending action because it involves different claims, and therefore rulings by one court would not conflict with rulings by the other. Progressive also contends Delaware law may apply to the case because several of the parties are incorporated in Delaware.

Third, Progressive argues the issues of access of proof and compulsory process for witnesses do not weigh in Peavy's favor because the declaratory judgment claim largely involves issues of law, not fact. Fourth, Progressive asserts

4

practical considerations weigh in favor of adjudicating its claim in Delaware because the accident occurred in Delaware, and New Jersey may not have general jurisdiction over the parties essential to the declaratory judgment action. Finally, Progressive argues Peavy is not an indispensable party in this action and therefore lacks standing to move to dismiss or stay.

**ANALYSIS**

Until recently, Delaware courts applied different *forum non conveniens* tests depending on whether there was an action pending in another jurisdiction and, if so, whether the Delaware action was first-filed. Under the Delaware Supreme Court's decision in *General Foods Corp. v. Cryo-Maid, Inc.*,[2] when the Delaware action was first-filed, the court would consider: (i) the relative ease of access to proof; (ii) the availability of compulsory process for witnesses; (iii) the possibility of viewing the premises, if appropriate; (iv) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; and (v) "whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction."[3] On the other hand, in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*,[4] the Delaware Supreme Court held that when the first-

---

[2] 198 A.2d 681 (Del. 1964).
[3] *Id.* at 684. The *Cryo-Maid* Court applied these factors to an action first-filed in Delaware with a second-filed action pending in Illinois. *Id.* at 682.
[4] 263 A.2d 281, 283 (Del. 1970).

5

filed action arose in another jurisdiction, Delaware courts could exercise their discretion "freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues . . . ."[5]

More recent decisions, however, combine the *Cryo-Maid* and *McWane* tests and apply different presumptions depending on a case's procedural posture.  Now, Delaware courts apply the Cryo-*Maid* factors to all *forum non conveniens* motions, irrespective of whether there is another pending action and which action was filed first.  The issue of a prior pending action remains relevant, however, to the level of proof required for the movant to prevail.

If the dispute is a first-filed Delaware case, with no pending litigation in another jurisdiction, then the moving defendant "must establish overwhelming hardship for Delaware courts to grant dismissal."[6]  If the Delaware action is a second-filed case with another first-filed case pending in another jurisdiction, however, "Delaware courts have greater discretion in determining whether a stay or dismissal is proper."[7]  Here, I conclude the New Jersey Action is a prior pending

---

[5] *Id.* at 283.

[6]*Aranda v. Philip Morris USA Inc.*, 2018 WL 1415215, *3 (Del. Mar. 22, 2018) (quoting *Gramercy Emerging Markets Fund v. Allied Irish Banks, PLC*, 173 A3d 1033, 1038 (Del. 2017)).

[7] *Id.* In *Gramercy*, the Delaware Supreme Court addressed a different *forum non conveniens* variation: a Delaware action filed after a first-filed action was dismissed for *forum non conveniens* in another jurisdiction.

action and the *Cryo-Maid* factors weigh in favor of this Court exercising its discretion to stay this matter.

### A. The New Jersey action constitutes a prior pending action under *McWane*.

Although the existence of a prior pending action often is listed as the last *Cryo-Maid* factor, I have considered this factor first because it informs the standard by which this Court weighs the remaining factors. In my view, the New Jersey action constitutes a prior pending action in another jurisdiction.

Under *McWane*, an action is a "prior pending" action when 1) the two actions involve similar claims and similar parties, and 2) the first action is in a court capable of doing prompt and complete justice.[8] Here, there is no dispute that the New Jersey action was filed more than a year before this action or that the New Jersey court is capable of doing prompt and complete justice. Progressive, however, resists Peavy's contention that the claims in both cases are similar. Progressive argues its declaratory judgment action regarding its policy with Tristate involves different issues of fact and law than the New Jersey negligence action. Accordingly, Progressive argues *McWane*'s comity concerns of inconsistent rulings do not apply. I disagree and find the cases closely are related and arise out of the same common nucleus of operative facts.

---

[8] *McWane*, 263 A.2d at 283.

As this Court recognized previously, "all claims arising from a common nucleus of operative facts should be brought in the same court at the same time whenever possible."[9]   Here, both cases arose from the same accident and, importantly for purposes of this case, the determinative factual issues in both actions appear to overlap.

First, the parties in this action and the New Jersey action substantially are similar.  Of the sixteen listed defendants in the Delaware action, only Progressive, Great American, and ACE American are not named in the New Jersey action.  It appears the New Jersey court would have jurisdiction over all the parties in the Delaware action, as all the corporate defendants regularly conduct business in New Jersey and the individual defendants either live in New Jersey or are defending the negligence action there without contesting jurisdiction.  In any event, the relatively remote possibility that the New Jersey Court may lack personal jurisdiction over a necessary defendant weighs in favor of staying, rather than dismissing, this action.

Second, although it is not typically the case in insurance coverage disputes, in this particular case the coverage question appears likely to turn on many of the same facts that are at issue in the negligence case.  That is, the main factual question—unresolved at this date—is not the question of fault for the accident, but rather how the trailer came to be attached to the tractor and whether and how A

[9] *Transamerica Corp. v. Reliance Ins. Co. of Illinois*, 1995 WL 1312656, *5 (Del. Super. Aug. 30, 1995) (citing *Schnell v. Porta Systems Corp.*, 1994 WL 148276 (April 12, 1994)).

Duie Pyle verified that the tractor and Bolton were insured. Those issues appear relevant, if not potentially determinative, to both this coverage dispute and some of the liability claims in the negligence action. Discovery regarding these issues is underway in New Jersey, and a fact finder's conclusions of these disputes likely will be necessary to resolve the coverage action and some of the negligence claims. For that reason, this case is different than many in which there is both an insurance coverage or indemnification question and an underlying liability action. Although it cannot be said that all such cases have similar facts or risk inconsistent judgments, the unique circumstances of this case compel that conclusion.

Finally, neither party argues the New Jersey Court is incapable of delivering prompt and complete justice to Progressive's claim. Accordingly, the New Jersey action constitutes a prior pending action, and Peavy need not demonstrate overwhelming hardship to obtain a stay.

**B. The remaining *Cryo-Maid* factors favor staying this action so the parties may pursue their coverage dispute in New Jersey.**

All the remaining *Cryo-Maid* factors are either neutral or weigh in Peavy's favor. First, Progressive's coverage dispute does not involve substantive access to proof issues. It appears discovery documents and witnesses will be equally accessible in both jurisdictions. Second, both parties agree that neither court will need compulsory process to subpoena witnesses in this case. Third, no review of the crash site is necessary to determine Progressive's coverage dispute.

9

Fourth, this case does not involve issues of Delaware law. Although the site of the accident was in Delaware, the insurance policy is governed by the laws of other states. Additionally, Peavy, Walton, and Michael Peavy are New Jersey residents. Progressive argues it is possible that Delaware law could apply because several of the named defendants are incorporated in or have their principal place of business in Delaware. This argument is unconvincing; Progressive's insurance policy was issued in another state and Progressive failed to cite any Delaware law that would apply to the coverage dispute.

As these *Cryo-Maid* factors do not support either party's position, the determinative factor in this case is the Court's consideration of the "practical problems" that would make the case easy, expeditious, and inexpensive to try. Although there will be some hardship to Peavy in hiring Delaware counsel, which will increase costs and lower the net amount he may receive of any recovery ultimately awarded, those costs are not so substantial that they factor strongly in the analysis.[10] Much more significant, however, is the substantial risk of inconsistent judgments if these cases continue to proceed in different forums. As previously explained, there are significant overlapping factual issues between the two cases relating to how the tractor and trailer became connected and how A Duie

_____

[10] Peavy represented that his New Jersey attorneys represent him on a contingency basis, but they have been forced to retain Delaware counsel at an hourly rate to defend this case, and those costs will be subtracted from any recovery Peavy receives. If both actions proceed in New Jersey, however, Peavy's contingency counsel will represent him for all purposes.

10

Pyle verified insurance. Consolidating the actions in one court eliminates that considerable risk.

Progressive, however, continues to resist that conclusion, pointing out that a separate personal injury complaint was filed in Delaware relating to this accident. That complaint was filed by a bystander who allegedly suffered injuries while rendering assistance immediately after the crash.[11] Progressive argues this complaint's filing in Delaware "further supports Progressive's position that Delaware is the proper venue for the declaratory judgment action" and the personal injury actions arising from the accident.[12] The existence of a later-filed action in this State, however, has no apparent relevance under the *Cryo-Maid* factors. More importantly, the existence of these two personal injury actions in Delaware does not alter the analysis regarding the risk of inconsistent judgments.

**C. Peavy has standing to file his motion to dismiss or stay.**

As an alternative basis to deny Peavy's motion, Progressive argued Peavy is not an indispensable party to this action and therefore lacks standing to move to dismiss. In support of its argument, Progressive cites *Auto Mutual Indemnity v. Dupont*[13] and *Monsanto Co. v. Aetna Casualty & Surety Co.*[14] Neither case, however, supports Progressive's standing argument. In *Dupont*, the District Court

---

[11] *See* D.I. 82, Ex. A.
[12] D.I. 82.
[13] 21 F.Supp. 606 (D. Del. 1937).
[14] 565 A.2d 268 (Del. Super. 1989).

dismissed the plaintiff's claim because the joinder of dispensable defendants from Delaware did not establish diversity jurisdiction in Delaware when the indispensable parties included a New York plaintiff and a Virginia defendant.[15] Similarly, in *Monsanto*, the Superior Court denied joinder of multiple plaintiffs because joinder of all potential plaintiffs in a mass tort action was not feasible.[16] Neither *Dupont* nor *Monsanto*, therefore, stand for the rather remarkable argument that a party already named as a defendant lacks standing to move to dismiss under Rule 12(b).

It is an elementary tenet of law that parties to an action may present a defense against a claim for relief. Superior Court Civil Rule 8(b) provides, in relevant part, "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."[17] Because Progressive named Peavy as a defendant in its declaratory judgment action, Peavy is permitted to move to dismiss or stay.[18]

---

[15] *Dupont*, 21 F.Supp. at 608.

[16] *Monsanto*, 565 A.2d at 271-72 (holding that Monsanto adequately represented the interests of the plaintiffs against Aetna and therefore joinder was not necessary to preserve their interests).

[17] Super. Ct. Civ. R. 8(b).

[18] Moreover, the injured parties likely have the most at stake in this coverage action. A ruling that Progressive has no coverage obligations would eliminate the most obvious source of recovery available to the injured parties, since Bolton, Lighty, and Tristate are either judgment proof or have filed for bankruptcy.

## CONCLUSION

For the foregoing reasons, Progressive's declaratory judgment action is **STAYED**.

**IT IS SO ORDERED.**